EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>PAYTON EMPLOYMENT LAW, PC<br>Chantal McCoy Payton, Esq. (SBN: 293215); Marissa L. Simmons, Esq. (SBN: 310234)<br>3807 W. Sierra Highway, Suite 206<br>Acton, California 93510<br>TELEPHONE NO.: (661) 434-1144    FAX NO.: (661) 434-1144<br>ATTORNEY FOR *(Name)*: Plaintiff Sadie Xavier | FOR COURT USE ONLY<br>FILED<br>Superior Court Of California,<br>Sacramento<br>10/18/2021<br>kjohnson12<br>By_____, Deputy<br>Case Number:<br>34-2021-00309875 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Sadie Xavier vs. Faneuil, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses          BY FAX
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 15, 2021
Marissa L. Simmons, Esq.
_____(TYPE OR PRINT NAME)_____          ▶          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

FILED
Superior Court Of California,
Sacramento
10/18/2021
kjohnson12
By_____ , Deputy
Case Number:
34-2021-00309875

1 | **PAYTON EMPLOYMENT LAW, PC**
2 | CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)
  | MARISSA L. SIMMONS, ESQ. (SBN: 310234)
  | 3807 W. Sierra Highway, Suite 206
3 | Acton, California 93510
  | Telephone: (661) 434-1144
4 | Facsimile: (661) 434-1144
  | CPayton@PaytonEmploymentLaw.com
5 | MSimmons@PaytonEmploymentLaw.com

6 | Attorneys for Plaintiff Sadie Xavier

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **COUNTY OF SACRAMENTO**

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

| | |
|---|---|
| SADIE XAVIER, an individual; | Case No.: |
| Plaintiff, | **Plaintiff Sadie Xavier's Complaint for:** |
| v. | 1. **Disability Discrimination in Violation of Gov. Code § 12940 (a);** |
| FANEUIL, INC., a Delaware Corporation; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive, | 2. **Failure to Engage in the Interactive Process in Violation of Gov. Code § 12940 (n);** |
| | 3. **Failure to Provide a Reasonable Accommodation in Violation of Gov. Code § 12940 (m);** |
| Defendants. | 4. **Whistleblower Retaliation (Cal. Lab. Code § 1102.5);** |
| | 5. **Retaliation in Violation of Labor Code § 98.6; and** |
| | 6. **Wrongful Termination in Violation of Public Policy.** |

**DEMAND FOR JURY TRIAL**

BY FAX

**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1   Plaintiff Sadie Xavier ("Plaintiff") hereby files this complaint against FANEUIL, INC., a

2   Delaware Corporation; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and

3   DOES 21-30, inclusive (collectively "Defendants").  Plaintiff is informed and believes, and based

4   thereon alleges, unless otherwise indicated, as follows:

5   **I.    NATURE OF THE ACTION**

6   1.    Plaintiff files this action to recover damages and obtain other remedies afforded to him by law

7   for violations of the Government Code arising from Defendants' unlawful practices.

8   2.    Plaintiff brings this action against Defendants for Disability Discrimination in Violation of Gov.

9   Code § 12940 (a), Failure to Engage in the Interactive Process in Violation of Gov. Code § 12940 (n),

10   Failure to Provide a Reasonable Accommodation in Violation of Gov. Code § 12940 (m), Retaliation

11   in Violation of Labor Code § 98.6, Wrongful Termination in Violation of Public Policy, punitive

12   damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief for Defendants'

13   unlawful conduct.

14   **II.    PARTIES, JURISDICTION, AND VENUE**

15   3.    Plaintiff Sadie Xavier (hereinafter "Plaintiff" or "Mr. Xavier") is an individual who, at all times

16   relevant to this action, resided in the County of Sacramento, State of California.

17   4.    Plaintiff is informed, believes and thereupon alleges that Defendant Faneuil, Inc. (hereinafter

18   referred to as "FANEUIL"), is now, and was at all times mentioned in this Complaint, a Delaware

19   company doing business in the State of California, and was Plaintiff's employer at all times relevant

20   herein.

21   5.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate

22   or otherwise, of the Defendants sued herein under fictitious names Does 1 through 30, inclusive, and

23   for that reason sues said Defendants, and each of them, by such fictitious names.  Plaintiff is informed,

24   believes, and thereupon alleges that each of the Defendant Does 1 through 30, inclusive, is and was in

25   some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff

26   complains herein, and in some fashion, has legal responsibility therefore.  When Plaintiff ascertains the

27   names and capacities of the fictitiously named Defendant Does 1 through 30, inclusive, Plaintiff will

28   seek leave to amend this Complaint to set forth such facts.

*PAYTON EMPLOYMENT LAW, PC*
*CALIFORNIA EMPLOYMENT LITIGATION*
*3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510*

1
**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1   6.      Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times

2   relevant herein was, the agent of his, her, or its co-defendants, and in committing the acts alleged herein,

3   was acting within the scope of his, her, or its authority as such agent, and with the knowledge,

4   permission, and consent of his, her, or its co-defendants.

5   7.      Venue is proper in the Superior Court of California, County of Sacramento, as this Court has

6   personal jurisdiction over Defendants pursuant to Code of Civil Procedure § 395. Plaintiff worked in

7   and violations occurred Sacramento County, and the contract of employment was formed in

8   Sacramento County.

9   **III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10  8.      Plaintiff has filed timely with the Department of Fair employment and Housing and received a

11  Right to Sue letter on October 14, 2021. Plaintiff has now exhausted his administrative remedies for

12  the claims alleged herein pursuant to the Fair Employment and Housing Act. Thus, Plaintiff is entitled

13  to seek civil relief for the violations alleged herein.

14  9.      Service of the Right to Sue letter will be served contemporaneous with service of this complaint.

15  **IV.    FACTUAL ALLEGATIONS**

16  10.     On August 19, 2020, Sadie Xavier was hired as a customer service agent at Faneuil, Inc.

17  (hereinafter, "Faneuil" or the "Company"). Mr. Xavier was paid $13.00 per hour and worked an

18  average of 40 hours per week, 5 days per week. Mr. Xavier suffers from Supraventricular Tachycardia,

19  a heart condition that leads to further medical conditions if he is placed under extreme stress and

20  anxiety. Mr. Xavier provided documentation regarding his medical condition to the Company at the

21  beginning of his employment.

22  11.     Beginning in September 2020, Mr. Xavier's co-worker, Ivy DOE, began physically assaulting

23  Mr. Xavier. Ms. Ivy would assault Mr. Xavier by smacking the back of his head, punching him, and

24  pushing him, on multiple occasions. This behavior even took place in front of Mr. Xavier's supervisor,

25  Jennifer Rechcygl, who simply told Ms. Ivy to stop.

26  12.     Despite the fact that Mr. Xavier asked Ms. Ivy to stop assaulting him and explained that he did

27  not think it was funny and was uncomfortable with the behavior, Ms. Ivy did not stop. Mr. Xavier then

28  formally complained to his supervisor, Ms. Rechcygl, about the situation, who maintained that the

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1   Company was going to discuss the situation with Ms. Ivy.  She further urged Mr. Xavier not to file a

2   complaint with Human Resources, because "they were going to resolve the issue." Upon information

3   and belief, Faneuil failed to reprimand Ms. Ivy, as she continued to physically assault Mr. Xavier.  As

4   a result, Mr. Xavier began to suffer from extreme stress and anxiety.

5        13.    Due to Faneuil's failure to prevent further assault and harassment by Ms. Ivy, on October 7,

6   2020, Mr. Xavier told Faneuil that Ms. Ivy's behavior was causing him extreme stress and anxiety,

7   placing him in a potentially dangerous medical position.  Mr. Xavier further provided that he was forced

8   to resign due to the stress that Ms. Ivy's behavior caused him, and reported the situation to Faneuil's

9   Human Resources representative, Patricia Nunez Gonzalez.  Ms. Gonzales claimed Mr. Xavier's

10  supervisors violated protocol by not notifying Human Resources about Ms. Ivy's behavior.  Mr.

11  Xavier's supervisor, Xiochilt Vasquez, encouraged Mr. Xavier to remain with the Company and

12  informed him that they would work to resolve the issue.  Faneuil told Mr. Xavier not to resign, but to

13  work from home, instead.

14       14.    Despite placing Mr. Xavier on work from home leave beginning on October 27, 2020, Faneuil

15  never provided Mr. Xavier with a computer in order to accomplish his work-from-home duties.  Upon

16  information and belief, Faneuil provided *all other employees*, including Mr. Xavier's girlfriend who

17  worked for the Company, with computers.  Thus, because the Company never provided Mr. Xavier

18  with a computer, Mr. Xavier was never paid once he was placed on work-from-home leave.

19       15.    As the Company failed to provide him with a computer in order to continue his employment,

20  Mr. Xavier, through his counsel, sent a demand letter to Faneuil on October 29, 2020, alleging, among

21  other things, that the Company discriminated against him due to his disability by failing to reprimand

22  Ms. Ivy and placing him on a work-from-home leave, while also failing to provide Mr. Xavier with a

23  computer so that he could continue working.  Following his demand, Mr. Xavier never heard from

24  Faneuil in regard to his employment or the status of his computer.  Thus, Faneuil effectually terminated

25  Mr. Xavier's employment in response to exercising his rights under the California Labor Code, despite

26  providing that Mr. Xavier would get a computer "soon".

27  ///

28  ///

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

3
**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1 | **V.**   **CAUSES OF ACTION**

2 | **FIRST CAUSE OF ACTION**

3 | **DISABILITY DISCRIMINATION IN VIOLATION OF GOV. CODE § 12940(A)**

4 | **(Against All Defendants)**

5   16.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth

6   herein.

7   17.   Plaintiff was at all times hereto an "employee" within the meaning of California Government

8   Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability

9   discrimination in employment.

10   18.   Defendants were at all material times an "employer" as defined by California Government Code

11   § 12926(d) and within the meaning of California Government Code §§ 12940(a) and (c) and, as such,

12   were barred from discriminating in employment decisions on the basis of disability, as set forth in

13   California Government Code § 12940.

14   19.   Government Code § 12940(a) states that it is an unlawful employment practice for an employer

15   "to refuse to hire or employ the person or to refuse to select the person for a training program leading

16   to employment or to bar or to discharge the person from employment or from a training program leading

17   to employment, or to discriminate against the person in compensation or in terms, conditions, or

18   privileges of employment" based on the employee's medical condition, disability status, genetic

19   information, or genetic condition.

20   20.   Plaintiff alleges that his condition constituted a "physical disability" within the meaning of the

21   FEHA, and/or that Plaintiff was regarded by Defendants as or perceived as suffering from a "physical

22   disability" at the time that the discrimination occurred.

23   21.   Plaintiff further alleges that he was able to perform in his position with or without reasonable

24   accommodation, and thus was a qualified individual within the meaning of the FEHA.

25   22.   Defendants, directly and through their managing supervisors, discriminated against Plaintiff

26   because of his disability in violation of the FEHA, specifically, Government Code Section 12940(a).

27   23.   Plaintiff suffered adverse treatment on the basis of these protected characteristics when

28   Defendants unlawfully terminated his employment.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

4

**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1   24.     Plaintiff alleges that his disability was a substantial motivating factor in Defendants' decision

2   to terminate his employment and to discriminate against Plaintiff in terms, conditions, or privileges of

3   employment in violation of Government Code § 12940(a).

4   25.     There was a causal connection between Plaintiff's protected status and the adverse employment

5   actions.

6   26.     Plaintiff was harmed as a result of Defendants' adverse actions, and Defendants' conduct was

7   a substantial factor in causing him harm.

8   27.     Defendants are therefore liable for discrimination suffered by Plaintiff.

9   28.     Such actions are unlawful, discriminatory, and retaliatory in violation of Government Code

10  section 12940 et. seq., and have resulted in damages and injury to Plaintiff, including both general and

11  special damages in an amount to be proven at trial.

12  29.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and

13  will continue to suffer substantial losses in earnings and other employment benefits, along with other

14  incidental and consequential damages and losses, all in an amount to be proven at the time of trial.

15  Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code §

16  3287 and any other provision of law providing for prejudgment interest.

17  30.     As direct and proximate result of Defendants' wrongful acts against Plaintiff, Plaintiff has

18  suffered and will continue to suffer emotional and physical distress, humiliation, shame, despair,

19  embarrassment, depression, physical and mental pain and suffering and anguish, loss of earnings, future

20  loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities

21  all to his damage in a sum to be established according to proof.

22  31.     Plaintiff is entitled to general and compensatory damages in amounts in excess of the

23  jurisdictional limits of this court, according to proof at trial.

24  32.     Defendants and/or their agents, employees, managers, or owners authorized, condoned, acted,

25  and/or ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to

26  punitive damages against Defendants.

27  33.     As a direct and proximate result of Defendants' violation of Government Code §12940(a),

28  Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 205, ACTON, CA 93510

1  costs.  Plaintiff requests that attorneys' fees be awarded pursuant to Government Code §12965.

2  <center>**SECOND CAUSE OF ACTION**</center>

3  <center>**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**</center>

4  <center>**GOV. CODE § 12940(N)**</center>

5  <center>**(Against All Defendants)**</center>

6  34.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth

7  herein.

8  35.    Government Code § 12940(n) requires employers to engage in a "timely, good faith, interactive

9  process" with an employee to determine effective reasonable accommodations if an employee with a

10  known disability so requests.  The interactive process is the key mechanism for facilitating the

11  integration of disabled employees in the workplace and liability may be imposed on the employer for

12  failing to engage in this process.

13  36.    California Code of Regulations, Title 2, § 11069, provides that an employer "shall initiate an

14  interactive process when…an applicant or employee with a known physical or mental disability or

15  medical condition requests reasonable accommodations . . . ."

16  37.    Defendants were at all material times Plaintiff's "employers," as defined by Government Code

17  § 12926(d).

18  38.    Plaintiff was a qualified individual with a disability, able to perform the relevant job duties with

19  a reasonable accommodation.

20  39.    Plaintiff requested that Defendants make a reasonable accommodation for his disability so that

21  he would be able to perform the essential job requirements.

22  40.    Defendants were required to initiate an interactive process because Plaintiff suffered from a

23  physical disability that Defendants were aware of.

24  41.    Plaintiff was willing to participate in an interactive process to determine whether reasonable

25  accommodation could be made so that he would be able to perform the essential job requirements.

26  42.    Despite having notice of Plaintiff's physical disability and need for accommodation,

27  Defendants engaged in an unlawful employment practice when they failed and refused to engage in a

28  timely, good faith interactive process with Plaintiff as required by FEHA.

<center>6</center>
<center>**PLAINTIFF SADIE XAVIER'S COMPLAINT**</center>

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

43.   Rather than engage in a good faith interactive process to ascertain reasonable accommodations for Plaintiff's physical disability, Defendants summarily terminated Plaintiff's employment.

44.   Defendants' unlawful conduct was a substantial factor in causing Plaintiff harm.

45.   Such actions are unlawful and discriminatory in violation of Government Code § 12940, *et seq.*, and have resulted in damages and injury to Plaintiff.

46.   Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice.

47.   In engaging in the aforementioned conduct, Defendants aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Government Code § 12940(n) and the announced policy of this State against such practices.

48.   As a result of Defendants' failure to engage in the interactive process of accommodating Plaintiff's disability, as described herein, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code §§ 3287or 3288 and any other applicable provision of law.

49.   As a further direct and proximate result of Defendants' violation of Government Code §12940(n), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to Government Code §12965(b).

50.   The failure of Defendants to engage in the interactive process of accommodating Plaintiff's disability was intentional, malicious, wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1  example out of Defendants.

2  **THIRD CAUSE OF ACTION**

3  **FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF**

4  **GOV. CODE § 12940 (M)**

5  **(Against All Defendants)**

6  51.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth

7  herein.

8  52.    Government Code section 12940(m) provides that it is an unlawful employment practice "[f]or

9  an employer or other entity covered by this part to fail to make reasonable accommodation for the

10  known physical or mental disability of an applicant or employee."

11  53.    Defendants are employers within the meaning of and subject to Government Code § 12940, et

12  seq.

13  54.    Plaintiff was a qualified individual with a disability, able to perform in his position with or

14  without reasonable accommodation. In the alternative, Plaintiff was perceived as and/or regarded as

15  suffering from a disability.

16  55.    Plaintiff suffers from Supraventricular Tachycardia, a heart condition that leads to further

17  medical conditions if he is placed under extreme stress and anxiety. On October 7, 2020, Plaintiff told

18  Defendants that Ms. Ivy's behavior was causing him extreme stress and anxiety, placing him in a

19  potentially dangerous medical position.

20  56.    Defendants told Plaintiff not to resign, but to work from home, instead. Despite placing Plaintiff

21  on work from home leave beginning on October 27, 2020, Defendants never provided Plaintiff with a

22  computer in order to accomplish his work-from-home duties.

23  57.     Defendants did not make any attempt to accommodate the Plaintiff, and instead denied his

24  accommodation.

25  58.    The accommodations would not have caused an undue hardship on Defendants.

26  59.    Plaintiff was harmed as a result of Defendants' adverse actions, and Defendants' conduct was

27  a substantial factor in causing Plaintiff's harm.

28  60.    Such actions are unlawful and discriminatory in violation of Government Code section 12940

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

8

1   et. seq., and have resulted in damages and injury to Plaintiff, including both general and special

2   damages in an amount to be proven at trial.

3   61.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and

4   will continue to suffer substantial losses in earnings and other employment benefits, along with other

5   incidental and consequential damages and losses, all in an amount to be proven at the time of trial.

6   Plaintiff's claims such amount as damages together with prejudgment interest pursuant to Civil Code

7   § 3287 and any other provision of law providing for prejudgment interest.

8   62.     As direct and proximate result of Defendants' wrongful acts against Plaintiff, Plaintiff has

9   suffered and will continue to suffer emotional and physical distress, humiliation, shame, despair,

10  embarrassment, depression, physical and mental pain and suffering and anguish, loss of earnings, future

11  loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities

12  all to their damage in a sum to be established according to proof.

13  63.     Plaintiff is entitled to general and compensatory damages in amounts in excess of the

14  jurisdictional limits of this court, according to proof at trial.

15  64.     As a direct and proximate result of Defendants' violation of Government Code §12940(a),

16  Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and

17  costs. Plaintiff requests that attorneys' fees be awarded pursuant to Government Code §12965.

18  **FIRST CAUSE OF ACTION**

19  **WHISTLEBLOWER RETALIATION – CALIFORNIA LABOR CODE § 1102.5 (B)**

20  **(Against all Defendants)**

21  65.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set

22  forth herein.

23  66.     Labor Code § 1102.5(b) provides that, "[a]n employer, or any person acting on behalf of the

24  employer, shall not retaliate against an employee for disclosing information, or because the employer

25  believes that the employee disclosed or may disclose information, to a government or law enforcement

26  agency, to a person with authority over the employee or another employee who has the authority to

27  investigate, discover, or correct the violation or noncompliance if the employee has reasonable cause

28  to believe that the information discloses a violation of state or federal statute, or a violation of or

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1 noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the
2 information is part of the employee's job duties." (emphasis added.)

3 67. Plaintiff reasonably believed that Defendants had unlawfully breached their contractual and/or
4 other legal obligations to adhere to Harassment guidelines concerning the harassment and assault by
5 Ms. Ivy. After his complaint of unlawful conduct, Defendants failed to give plaintiff a computer to
6 work from home and terminated his employment soon after. Due to the short time period between
7 Plaintiff's complaint, Plaintiff alleges that said knowledge was a "contributing factor" in the decision
8 to terminate Plaintiff's employment.

9 68. On information and belief, after Defendants believed Plaintiff might disclose information
10 concerning Defendants' failure to adhere to Harassment guidelines to a government or law enforcement
11 agency: Plaintiff alleges that said knowledge was a "contributing factor" in the decision to terminate
12 Plaintiff's employment.

13 69. As a result, Plaintiff has suffered and will continue to suffer (a) substantial humiliation, serious
14 mental anguish, and emotional distress; (b) loss of future earnings, status and future status, and
15 employment benefits and opportunities; (c) physical pain and suffering, on account of which Plaintiff
16 is entitled to actual damages in an amount to be established according to proof at trial pursuant to
17 California Labor Code §§ 1102.5, 1105.

18 70. In addition, Plaintiff is entitled to a civil penalty of $10,000 against Defendants for each
19 retaliatory action pursuant to Labor Code § 1102.5(f).

20 71. Defendants' retaliation against Plaintiff is, and was, intentional, malicious, wanton, and
21 oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish,
22 and annoy Plaintiff so as to cause the injuries alleged herein. Such acts amount to oppression and
23 malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary
24 damages in an amount sufficient to punish and make an example out of Defendants.

25 72. As a result of Defendants' conduct as alleged herein, Plaintiff Sadie Xavier is entitled to
26 reasonable attorneys' fees and costs of suit as provided in Section 1102.5(j) of the California Labor
27 Code and Section 1021.5 of the California Civil Procedure Code.

28

**10**
**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1  73.    Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287

2  or 3288 and any other applicable provision of law.

3  **FIFTH CAUSE OF ACTION**

4  **RETALIATION IN VIOLATION OF LABOR CODE § 98.6, ET SEQ.**

5  **(Against All Defendants)**

6  74.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth

7  herein.

8  75.    Labor Code § 98.6 provides, in pertinent part, as follows: "(a) No person shall discharge an

9  employee or in any manner discriminate against any employee or applicant for employment because

10  the employee or applicant engaged in any conduct delineated in this chapter..."

11  76.    In doing the things herein alleged, Defendants, violated Labor Code § 98.6 in that Defendants

12  retaliated against and terminated Plaintiff for sending a demand letter, in which Plaintiff alleged

13  Defendants discriminated against him due to his disability by failing to reprimand Ms. Ivy and placing

14  him on a work-from-home leave, while also failing to provide Plaintiff with a computer so that he could

15  continue working.

16  77.    Plaintiff incurred damages as a result of Defendants' conduct that violated clear public policy,

17  which is articulated herein.

18  78.    As a proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and

19  incidental financial losses, including without limitation, loss of salary and benefits, and the intangible

20  loss of employment-related opportunities for growth in his field and damage to his professional

21  reputation, all in an amount subject to proof at the time of trial.

22  79.    Plaintiff claims such amounts as damages together with prejudgment interest pursuant to

23  California Civil Code §§ 3287 and 3288.

24  80.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to

25  suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has

26  incurred, and will likely incur, medical expenses as a result.

27  81.    Plaintiff is informed and believes and therefore alleges that he will continue to experience said

28  pain and physical and emotional suffering for a period in the future he cannot presently ascertain, all

1  in an amount subject to proof at the time of trial.

2  82.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire

3  attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys'

4  fees and costs in connection therewith. Plaintiff is entitled to reasonable and necessary attorney's fees

5  in order to enforce his rights and obtain benefits due to his.

6  83.   An employee who was discharged or otherwise suffered an adverse employment action in

7  violation of Labor Code §§ 98.6 and/or 1102.5 is entitled to reinstatement and reimbursement for lost

8  wages.

9  84.   An employer who violates Labor Code §§ 98.6 and/or 1102.5 is subject to a civil penalty of up

10  to $10,000 per violation, payable to the employee or employees who suffered from the violation(s).

11  85.   The actions taken toward Plaintiff described herein were carried out by and/or ratified by

12  Defendants, and each of them, including DOES, and/or managing agent employees of Defendants, all

13  of whom acted in a despicable, oppressive, cruel, fraudulent, malicious, deliberate, deceitful, egregious,

14  and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of

15  punitive damages in a sum appropriate to punish and make an example of Defendants.

16  **SIXTH CAUSE OF ACTION**

17  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

18  **(Against All Defendants)**

19  86.   Plaintiff realleges and incorporates herein by reference each and every allegation already made,

20  inclusive, though set forth in full.

21  87.   The termination of Plaintiff's employment by Defendants violated the fundamental public

22  policies of the California Labor Code, which, among other things, prohibits retaliation against an

23  employee based on his or his reasonable belief that he was been subject to an unlawful act, or based on

24  his or his reasonable belief that he report unlawful actions engaged in by Defendants.

25  88.   Plaintiff's termination was in violation of the fundamental public policy of the State of

26  California as put forward in Labor Codes §§ 98.6, 1102.5, and 6310.

27  89.   California Labor Code 98.6 (a) provides that "A person shall not discharge an employee or in

28  any manner discriminate, retaliate, or take any adverse action against any employee or applicant for

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

12
**PLAINTIFF SADIE XAVIER'S COMPLAINT**

1   employment or […] because of the exercise by the employee or applicant for employment on behalf of

2   himself, herself, or others of any rights afforded him or her."

3   90.     Labor Code § 1102.5(b) provides that, "[a]n employer, or any person acting on behalf of the

4   employer, shall not retaliate against an employee for disclosing information […] to a person with

5   authority over the employee […] if the employee has reasonable cause to believe that the information

6   discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state,

7   or federal rule or regulation."

8   91.     Labor Code section 6310(a) also prohibits an employer from firing an employee because they

9   have reported unsafe working conditions or practices and sub section (b) states "[a]ny employee who

10  is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated

11  against in the terms and conditions of employment by their employer because the employee has made

12  a bona fide oral or written complaint to […] their employer, or their representative, of unsafe working

13  conditions, or work practices, in their employment or place of employment, shall be entitled to

14  reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

15  92.     Due to Defendant's failure to prevent further assault and harassment by Ms. Ivy, on October 7,

16  2020, Plaintiff told Defendants that Ms. Ivy's behavior was causing him extreme stress and anxiety,

17  placing him in a potentially dangerous medical position.  Plaintiff told Human Resources that he was

18  forced to resign due to the stress that Ms. Ivy's behavior caused him but Plaintiff's supervisor, Xiochilt

19  Vasquez, encouraged him to not to resign, but to work from home, instead.

20  93.     Despite placing Plaintiff on work from home leave beginning on October 27, 2020, Defendants

21  never provided Plaintiff with a computer in order to accomplish his work-from-home duties.  Thus,

22  because Defendants never provided Plaintiff with a computer, Plaintiff was never paid once he was

23  placed on work-from-home leave.

24  94.     As Defendants failed to provide Plaintiff with a computer in order to continue his employment,

25  Plaintiff, through his counsel, sent a demand letter to Defendants on October 29, 2020, alleging, among

26  other things, that the Company discriminated against Plaintiff due to his disability by failing to

27  reprimand Ms. Ivy and placing Plaintiff on a work-from-home leave, while also failing to provide Mr.

28  Xavier with a computer so that he could continue working.  Following Plaintiff's demand, Mr. Xavier

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1  never heard from Defendants in regard to his employment or the status of his computer.  Thus,

2  Defendants effectually terminated Plaintiff's employment in response to exercising his rights under the

3  California Labor Code, despite providing that Plaintiff would get a computer "soon".

4  95.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly

5  and legally caused to suffer actual damages including, but not limited to, loss of earnings and future

6  earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

7  96.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as

8  aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and

9  mental distress, humiliation, embarrassment, anxiety, and pain and suffering.  Plaintiff does not know

10 at this time the exact duration or permanence of said injuries.

11 97.    Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by

12 engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful,

13 malicious, intentional oppressive and despicable conduct, and acted with willful and conscious

14 disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and

15 exemplary damages in an amount to be determined at trial.

16 98.    As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable attorneys'

17 fees and costs of suit as provided in Section 1021.5 of the California Civil Procedure Code.

18

19                          **PRAYER FOR RELIEF**

20     **WHEREFORE**, Plaintiff prays as follows:

21 1.  For an award of all actual, consequential, and incidental financial losses suffered by Plaintiff,

22     including lost wages, back pay, front pay, and lost employment benefits;

23 2.  For an award of general and special damages, including from the emotional distress and mental

24     anguish suffered by Plaintiff;

25 3.  For an award of punitive damages against any and/or all Defendant(s);

26 4.  For an award of Plaintiff's attorneys' fees and costs under applicable statutory bases, including

27     Government Code § 12965(b), Labor Code §§ 98.6 and 1102.5, and for prejudgment interest under

28     Civil Code § 3287 or 3288, 3294, 1021.5, and other applicable statutory bases;

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

5.  For an injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in each of the practices complained of in this Complaint;

6.  For an award of civil and statutory penalties, including under Labor Code § 1102.5; and

7.  For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Dated: October 15, 2021                    PAYTON EMPLOYMENT LAW, PC

By: _____
Marissa L. Simmons, Esq.
Chantal McCoy Payton, Esq.
Attorneys for Plaintiff
SADIE XAVIER

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of this action.


Respectfully submitted,

Dated: October 15, 2021                    PAYTON EMPLOYMENT LAW, PC

By: _____
Marissa L. Simmons, Esq.
Chantal McCoy Payton, Esq.
Attorneys for Plaintiff
SADIE XAVIER

PLAINTIFF SADIE XAVIER'S COMPLAINT

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

For Court Use Only

| | |
|---|---|
| PETITIONER/PLAINTIFF: Sadie Xavier | |
| RESPONDENT/DEFENDANT: Faneuil, Inc., a Delaware Corporation, et al. | |

| | |
|---|---|
| **ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 34-2021-00309875 |

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 10/18/2021

_____
Richard K. Sueyoshi, Judge of the Superior Court

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (Optional)<br>EMAIL ADDRESS (Optional)<br>ATTORNEY FOR (NAME):<br>**Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE: |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

### Type of Mediation (select one):

☐ 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

### Neutral

Court Neutral Selected:                                        Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                      Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                      Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                                     Name_____
(If type of Mediation selected above is option 3 or 4)

### Other Stipulations

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation – Unlimited Civil

CV\E–MED–179 (Rev 01.01.14)<br>Local Form Adopted for Mandatory Use

**STIPULATION AND ORDER TO MEDIATION – UNLIMTED CIVIL**

PLAINTIFF/PETITENER: _____   CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant   Dated: _____

☐ Additional Signature Page(s) Attached

---

**ORDER**

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process.  The Trial and Settlement Conference dates shall be selected no later than _____

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for: _____  _____  _____

                                            Date                   Time             Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____   Signed: _____

                                                        **Judge of the Superior Court**

**STIPULATION AND ORDER TO MEDIATION**

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____   CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney
Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

**Program Case Notice**
**Unlimited Civil Case**

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| Mediation Statement | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| Case Management Conference | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**

---

Program Case Notice (Unlimited Civil Case)



# SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento

Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### *UNLIMITED CIVIL CASES*

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.